UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE DUNICH-KOLB,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA; COMMISSIONER OF THE INTERNAL REVENUE SERVICE; AND CYNTHIA J. VALVANO, REVENUE AGENT,<br><br>Respondents. | 11-CV-1937 (WJM)<br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

**THIS MATTER** comes before the Court upon Respondents United States and Internal Revenue Service's ("Respondents") motion, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss for lack of subject matter jurisdiction Petitioner Wayne Dunich-Kolb's ("Petitioner") petition to quash Respondents' third-party record-keeper summonses issued on March 10, 2011, to (1) Bank of America, (2) TD Bank, NA, and (3) Wachovia Bank, NA. These summonses relate to Respondents' examination of Petitioner's income tax liabilities for 2007 through 2009. (Resp't's Moving Br. at 1.)

Pursuant to 26 U.S.C. § 7609(b)(2), taxpayers may bring a proceeding to quash summonses issued to third-party record keepers, so long as the proceeding is brought "not later than the 20th day after the day such notice is given in the manner provided in

subsection (a)(2)."[1]  26 U.S.C. § 7609(b)(2)(A).  This twenty day period for filing a suit to quash a summons begins to run from the day after the day the notice of summons is mailed, not from the date the notice is received.  26 C.F.R. § 301.7609-4(b)(2).  If a petition to quash is brought after this twenty day period, the court does not have subject matter jurisdiction over the action, as Section 7609(b)(2) is a waiver of the United States' sovereign immunity and must be strictly construed.  *See Patetta v. United States*, Civ. No. 07-3946, 2007 WL 5022187, at *2 (D.N.J. Dec. 18, 2007) (finding that where a petition to quash is untimely filed, the United States does not waive sovereign immunity and courts therefore lack jurisdiction); *Fragale v. United States,* Civ. No. 04-1086, 2004 U.S. Dist. LEXIS 9827, at *3-*4 (E.D. Pa. May 27, 2004) ("failure to file a petition within twenty days from the date of notice deprives a district court of jurisdiction to decide the petition to quash").[2]

Here, Revenue Agent Cynthia J. Valvano timely sent notice of the third-party summonses to Petitioner via certified mail on March 10, 2011.  (Valvano Decl. ¶ 5, Ex. A.)  Twenty-six days after the twenty day period began to run, on April 6, 2011, the petition to quash was filed in this Court.  Accordingly, since the petition to quash is

---

[1] Subsection (a)(2) provides that a notice of summons is considered "sufficient" if, within three days of the day on which the summons is served on the third party record keepers, it is "mailed by certified or registered mail to the last known address of [the person entitled to notice]."  26 U.S.C.  § 7609(a)(2).

[2] The Court notes that the United States is the only proper respondent in this action, and that the other respondents must be dismissed outright.  *See Pilchesky v. United States*, Civ. No. 08-103, 2008 WL 2550766, at *3 (M.D. Pa. June 23, 2008) (substituting the United States as the real party in interest).

untimely on its face, this Court is without jurisdiction.  For the foregoing reasons; and for good cause appearing;

**IT IS** on this 6th day of July 2011, hereby,

**ORDERED** that Respondents' motion to dismiss the petition to quash the third-party record-keeper summonses is **GRANTED** and the petition is **DISMISSED** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

   s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**